## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDSAY BLANK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-11092** |
| **TOMORROW PCS, LLC, et al.** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Tomorrow Telecom, Inc.'s Motion to Dismiss (Doc. #49) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant Tomorrow Telecom, Inc. Tomorrow Telecom argues that it is not subject to personal jurisdiction in Louisiana, and that plaintiff, Lindsay Blank, failed to state a claim against it for which relief can be granted.

In March 2015, defendant, Tomorrow PCS, LLC ("TPCS"), hired Blank to work as a customer service representative selling cellular telephones and service plans at various TPCS stores in Jefferson Parish, Louisiana. TPCS was formed under Louisiana law, and has an Exclusive Master Dealer Contract with MetroPCS Michigan, LLC to sell MetroPCS products exclusively in Louisiana. Blank alleges that she was paid $8.50 per hour, even for overtime hours in excess of 40 hours per week.

On June 21, 2016, Blank filed this action alleging that TPCS[1] violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 207(a), by failing to pay her and other similarly situated employees one-and-one-half times of their regular rate for hours worked in excess of 40 hours per week. Blank's complaint stated that she sought to proceed as a

---

[1] Blank also named Jong Park, a member of TPCS, as a defendant. Blank's claims against Park were dismissed after she did not oppose Park's Motion for Summary Judgment.

collective action under section 216(b) the FLSA. On April 19, 2017, the court granted Blank's motion for conditional class certification of an opt-in class consisting of:

> All individuals who worked or are working for Tomorrow PCS, LLC as Sales Associates during the previous three years and who are eligible for overtime pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and who did not receive full overtime compensation.

On May 9, 2017, Blank filed an opposed motion for leave to file an amended complaint seeking to add Tomorrow Telecom as a defendant, remove Park as a defendant, add allegations of money being unlawfully deducted from the class members' paychecks in violation of state law, and add class allegations regarding the alleged state law violations. The United States Magistrate Judge granted Blank's motion for leave in the interest of judicial economy after Blank stated that she would file a separate suit against Tomorrow Telecom if the motion for leave were denied.

In the amended complaint, Blank alleges that Tomorrow Telecom has a master dealer contract with MetroPCS that permits Tomorrow Telecom to use sub-dealers to sell MetroPCS products in various states. Blank alleges that Tomorrow Telecom sells MetroPCS products in Texas and TPCS is a sub-dealer of Tomorrow Telecom that sells MetroPCS products in Louisiana. Blank alleges that Tomorrow Telecom and TPCS have common ownership, and that Tomorrow Telecom exercises managerial control over, and issues the pay for, the TPCS service representatives. Thereafter, Tomorrow Telecom filed the instant motion to dismiss arguing that it is not subject to personal jurisdiction in Louisiana because it does not own or have control over TPCS and that Blank failed to state claims against it under the FLSA or Louisiana law.

**ANALYSIS**

**I.      Rule 12(b)(2) of the Federal Rules of Civil Procedure - Lack of Personal Jurisdictio**

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." Ruhrgas AG v. Marathon Oil Co., 119 S.Ct. 1563, 1570 (1999).  Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a defendant can move to dismiss an action against it for lack of personal jurisdiction. "The plaintiff bears the burden of establishing [personal] jurisdiction but is required to present only *prima facie* evidence." Seiferth v. Helicopteros Attuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006).  The allegations of the complaint, except as controverted by opposing affidavits, are taken as true and all factual conflicts are resolved in the plaintiff's favor. Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985).  In resolving a motion to dismiss for lack of personal jurisdiction, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002) (quotations omitted).

Personal jurisdiction over a non-resident defendant is determined by the state's long-arm statute and the Due Process Clause.  ICEE Distrib., Inc. v. J&J Snack Foods, 325 F.3d 586, 591 (5th Cir. 2003).  Because Louisiana's long-arm statute extends to the limits of the Due Process Clause of the Fourteenth Amendment, the inquiry is whether subjecting a defendant to personal jurisdiction in Louisiana would offend due process.  See Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 335 (5th Cir. 1999).  Due process is not offended if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 66 S.Ct. 154, 158 (1945) (internal quotation and citation omitted).

3

Personal jurisdiction may be either specific jurisdiction or general jurisdiction. "General jurisdiction allows a court to exercise personal jurisdiction generally based on any claim, including claims unrelated to the defendant's contacts" with the forum state. James M. Wagstaffe, Practice Guide: Federal Civil Procedure Before Trial, § 10-V (2017).  A court has general jurisdiction over a nonresident defendant "to hear any and all claims against [it] when [its] contacts with the state are so 'continuous and systematic' as to render [it] essentially at home in the forum." Daimler AG v. Bauman, 134 S.Ct. 746, 761 (2014) (quotations omitted).  The "test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."  Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V., 249 F.3d 413, 419 (5th Cir. 2001).  Blank does not argue that Tomorrow Telecome has continuous and systematic contacts with Louisiana that would subject it to general personal jurisdiction in the State.  Therefore, only specific personal jurisdiction is at issue.

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum State and litigation results from alleged injuries that arise out of or relate to those activities." Panda Brandywine Corp. v. Patomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001) (quotations omitted).  "In other words, there must be 'an affiliation between the forum and the underling controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" Bristol-Myers Squibb Co. v. Superior Court of Cal. S.F. Cty., 137 S.Ct. 1773, 1780 (2017) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011)).  "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" Id. (quoting Goodyear, 131 S.Ct. at 2851). Thus, specific jurisdiction is a claim-specific inquiry, meaning that "[a] plaintiff bringing multiple claims that arise out of different forum

4

contacts of the defendant must establish specific jurisdiction for each claim." Seiferth, 472 F.3d at 274. Further, each plaintiff must establish specific jurisdiction as to each of its claims against the defendant. Bristol-Myers Squibb, 137 S.Ct. at 1782.

The event supporting the exercise of specific jurisdiction "must arise out of contacts that the 'defendant *[it]self*' creates with the forum State." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014) (citing Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2184 (1985)). Actions, or a single act, by a nonresident defendant whereby it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws[,]" can establish minimum contacts. Burger King, 105 S.Ct. at 2183 (citations and footnotes omitted). "The non-resident's purposeful availment must be such that the defendant should reasonably anticipate being haled into court in the forum state." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc, 9 F.3d 415, 419 (5th Cir. 1993). "The purposeful availment inquiry is intended 'to assure that personal jurisdiction is not premised solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state.'" James M. Wagstaffe, Practice Guide: Federal Civil Procedure Before Trial, § 10-VII (2017) (quoting A Corp. v. All Am. Plumbing, Inc., 812 F.3d 564, 60 (1st Cir. 2016)). Moreover, "the plaintiff cannot be the only link between the defendant and the forum." Walden, 134 S.Ct at 1122.

The United States Court of Appeals for the Fifth Circuit applies a three-step analysis to determine specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or result from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

5

Seiferth, 472 F.3d at 271.  "If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." Id.  In conducting the fairness inquiry, the court examines "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." Luv N' Care Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 473 (5th Cir. 2006).  Although all of these factors are relevant, the "primary concern is the burden on the defendant" in term so "the practical problems resulting from litigating in the forum" and encompassing "the more abstract matter of submitted to the coercive power of a State that may have little legitimate interest in the claims in question." Bristol-Myers Squibb, 137 S.Ct. at 1780 (quotations and citations omitted).

Tomorrow Telecom supports its motion to dismiss with the sworn affidavit of its general manager, Michael Lim.  In his affidavit, Lim states that Tomorrow Telecom is a corporation that is organized under the laws of, and maintains its principal place of business in, Texas. TPCS and Tomorrow Telecom do not have a business connection and operate in different regions under separate and distinct Exclusive Master Dealer Contracts with different MetroPCS entities. Tomorrow Telecom has an Exclusive Dealer Agreement with MetroPCS Texas, LLC to sell MetroPCS products in Texas, and by the terms of that contract, cannot conduct business in Louisiana.  TPCS has an unrelated Exclusive Dealer Agreement with MetroPCS Michigan, LLC. TPCS has no interest in, nor does it operate under, Tomorrow Telecom's Exclusive Master Dealer Agreement with MetroPCS Texas, LLC. Tomorrow Telecom and TPCS do not share employees, human resources departments, supplies, or bank accounts.  TPCS operates exclusively in Louisiana

and has its own general manager who manages the wages, hour, conditions of employment and schedules for TPCS's employees in Louisiana.  Lim also states that Tomorrow Telecom does not have any offices, telephone listings, property, bank accounts or employees in Louisiana.  Specifically, Tomorrow Telecom has never employed Blank, and did not make any decisions regarding her hours, pay rates, conditions of employment or schedule.

Blank argues that she has alleged enough facts in the amended complaint to establish specific personal jurisdiction over Tomorrow Telecom in Louisiana.  She argues that the statements in Lim's affidavit contradict Park's deposition testimony, and factual disputes should be resolved in her favor to find personal jurisdiction.  Blank contends that Park's testimony establishes specific personal jurisdiction over Tomorrow Telecom in Louisiana because Park testified that: Tomorrow Telecom's CFO, Jeff Baik, visited TPCS locations and audited their inventories and generated payroll data for TPCS; and, Lim had the power to transfer, hire, set the salary for, and train TPCS's general managers.  Blank also argues that Tomorrow Telecom offered medical insurance to TPCS's employees, characterizing them as Tomorrow Telecom employees; that Ben Kim was the "General Manager -New Orleans Market" for Tomorrow Telecom and TPCS; Tomorrow Telecom instructed TPCS employees to review a new insurance policy for a device; and, that Tomorrow Telecom regularly emailed TPCS employees copies of their payroll information. Blank argues that she has demonstrated that Tomorrow Telecom exerts purposeful managerial control over TPCS's business in Louisiana sufficient to form the basis for specific personal jurisdiction.

Blank has established that Tomorrow Telecom is subject to specific personal jurisdiction in Louisiana related the claims she makes in this litigation.  Blank has submitted facts that show that Tomorrow Telecom was likely involved in running TPCS's business with respect to exerting some

managerial control and having involvement in compensating TPCS's employees.  Blank's causes of action regarding her compensation are related to these contacts.  Further, exercising specific personal jurisdiction in Louisiana over Tomorrow Telecom in this action is fair and reasonable. Tomorrow Telecom has interactions with the State of Louisiana therefore the burden would be minimal and the State has an interest in ensuring that its residents are compensated fairly by their employers.  Blank has an interest in securing relief for her alleged under-compensation.  Finally, exercising personal jurisdiction over Tomorrow Telecom in this case is in the interest of the efficient administration of justice because it places both Tomorrow Telecom and TPCS before one court regarding Blank's claims.  Therefore, Tomorrow Telecom's motion to dismiss for lack of personal jurisdiction is DENIED.

## II.     Rule 12(b)(6) of the Federal Rules of Civil Procedure - Failure to State a Claim

Tomorrow Telecom argues that Blank failed to state a claim against it under the FLSA or Louisiana law.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  To comply with Rule 8(a)(2) a plaintiff

does not need to plead specific facts, but only "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Twombly, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 78 S.Ct. 99, 103 (1957))  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965.  The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true.  Iqbal, 129 S.Ct. at 1949-50.  In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

### A.    Blank's FLSA Claim against Tomorrow Telecom

Tomorrow Telecom argues that Blank failed to state a claim against it under the FLSA because she did not adequately allege that she was its employee and that her work had a connection to interstate commerce.

The FLSA mandates that employers pay covered employees at least one and one-half times their normal rate of pay for hours worked in excess of 40 hours per week. 29 U.S.C. § 207. To state a claim for unpaid overtime or minimum wages under the FLSA a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime [or minimum] wage requirements; and (4) the amount of overtime [or minimum wage] compensation due." Johnson v. Heckmann Water Resources, Inc., 758 F.3d 627, 630 (5th Cir.

2014). Tomorrow Telecom argues that Blank failed to allege that she was its employee and that she engaged in activities covered by the FLSA.[2]

**(1) Employer-Employee Relationship**

The FLSA defines an "employee" as "an individual employed by an employer" and an "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d), (e). The term "employ" means "suffer or permit to work." Id. at § 203(g).

Because these definitions are vague, courts use the "economic reality test" to determine FLSA coverage. Williams v. Henagan, 595 F.3d 610, 620 (5th Cir. 2010). The four factors of the "economic reality test" are, "whether the putative employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. (citing Watson v. Graves, 909 F.2d 1549, 1553 (5th Cir. 1990)). When there are multiple alleged employers, the "economic reality test" must be applied each putative employer, which must each satisfy the four part test. Watson, 909 F.2d at 1556.

Tomorrow Telecom argues that Blank's allegations do not satisfy the "economic reality test." As to hiring and firing employees, Tomorrow Telecom argues that, although Blank alleges that Tomorrow Telecom "specifically reserved the right to fire any Sales Rep," she failed to define "sales Rep" and calls herself a "Service Rep." Further, Blank does not state that she was hired by

---

[2] Tomorrow Telecom does not argue that Blank failed to allege that it violated the FLSA or the amount of overtime due. Therefore, those prongs of the test for pleading a FLSA claim will not be analyzed.

Tomorrow Telecom, and the owner of Tomorrow Telecom testified that TPCS's general manager makes the hiring and firing decisions for TPCS.

As to supervision and control over her work schedule, Tomorrow Telecom argues that Blank alleged in her complaint that TPCS supervised her work and set her schedule. Similarly, Tomorrow Telecom argues that Blank admitted in her complaint and deposition testimony that TPCS set her rate and method of pay. Finally, Tomorrow Telecom states that there is no allegation that it maintained Blank's employment records.

Blank argues that she has sufficiently alleged in her complaint that Tomorrow Telecom was her employer because she alleged that Tomorrow Telecom issued her paychecks and established her rates of pay, had the right to fire her, made decisions about her hours, monitored her hours and sales, established promotions that governed her pay, and implemented the system of "chargebacks."

Taking the allegations in the complaint together, Blank has alleged sufficient facts to satisfy the "economic realities test" as to Tomorrow Telecom. Tomorrow Telecom cites deposition testimony to refute the allegations that it could fire Blank and that it set her hours and rates of pay. However, on a motion to dismiss, the court must consider only the allegations in the complaint and the documents attached thereto. The allegations in Blank's complaint are sufficient to allege and employee-employer relationship with Tomorrow Telecom under the FLSA.

**(2)      The employee engaged in activities within the coverage of the FLSA**

The FLSA covers employees who are "engaged in commerce or the production of goods for commerce" ("individual coverage") or "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). 29 U.S.C. § 207(a)(1). The test for the FLSA's individual coverage or "'engaged in commerce' requirement is 'whether the work is so

11

directly and vitally related to the functioning or an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated activity.'" Williams, 595 F.3d at 621 (quoting Sobrinio v. Med. Ctr. Visitor's Lodge, Inc., 474 F.3d 828, 829 (5th Cir. 2007)). "Work that is purely local in nature does not meet the FLSA's requirements, but '[a]ny regular contact with commerce, no matter how small, will result in coverage.'" Id. (quoting Sobrinio, 474 F.3d at 829). A plaintiff states a claim for enterprise coverage by alleging facts that give rise to a reasonable inference that the defendant fits the FLSA's definition of an enterprise, which is a business that:

> has employees engaged in commerce or in the production of goods for commerce, or that has employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1).

Tomorrow Telecom argues that Blank did not plead individual coverage because there are no facts showing that she was engaged in interstate commerce although she pleaded that she sold cellular telephones and plans. Tomorrow Telecom also argues that Blank failed to plead enterprise coverage because she did not allege that Tomorrow Telecom is engaged in commerce as defined by the FLSA, but rather that it is a common enterprise with TPCS.

Blank argues that she alleged both individual and enterprise coverage. As to individual coverage, Blank argues that her allegations that Tomorrow Telecom and TPCS are third-party contractors for MetroPCS, which is a "national cellular telephone service provider" that "provides phones and cellular phone network access to millions of American," demonstrate that she was involved in an activity that was nationwide, not purely local, and that the telephones themselves

passed between various States in the stream of commerce. Blank also argues that she pleaded enterprise coverage by alleging that Tomorrow Telecom operates in at least four States.

The statements in Blank's amended complaint are sufficient to allege individual and enterprise coverage under the FLSA. Because Blank has alleged facts sufficient to show that she had an employment relationship with Tomorrow Telecom and that she performed a covered activity for which she was not properly paid overtime, Tomorrow Telecom's motion to dismiss Blank's FLSA claim is DENIED.

### B.    Blank's Claims against Tomorrow Telecom under La. Rev. Stat. § 23:635 and for Unjust Enrichment

Tomorrow Telecom argues that Blank failed to state a claim against it under La. Rev. Stat. § 23:635 for levying illegal fines and for unjust enrichment based on those alleged fines.

Louisiana Revised Statutes § 23:635 prohibits an employer from assessing a "fine" against an employee or deducting any sum as a "fine" from an employee's wages, except when the employee willfully or negligently damages the employer's goods or property or when the employee is convicted or has pleaded guilty to the crime of theft of the employer's funds. The term "fine" as used in the statute means a pecuniary penalty imposed for the violation of some law, rule or regulation. Slaughter v. Bd. of Supervisors of S. Univ. and Agric. and Mech. Coll., 76 So.3d 438, 456 (La. Ct. App. 2011) (citing Brown v. Navarre Chevrolet, Inc., 610 So.2d 165, 170 (La. Ct. App. 1992)). Because the "statute is coercive and penal in nature, it must be strictly construed, must not be extended beyond its clear unambiguous language, and must yield to equitable defenses." Id. (citing Hays v. La. Wild Life & Fisheries Comm'n, 165 So.2d 556, 565 (La. Ct. App. 1964)).

Louisiana Civil Code article 2298, codifies the Louisiana doctrine of unjust enrichment:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The elements of an unjust enrichment claim are: (1) an enrichment of the defendant; (2) an impoverishment of the plaintiff; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) there must be no other remedy at law available to the plaintiff. Baker v. Maclay Prop. Co., 648 So. 2d 888, 897 (La. 1995).

Tomorrow Telecom argues that Blank failed to state a claim against it under La. Rev. Stat. § 23:635 for levying illegal fines and for unjust enrichment based on those alleged fines because Blank was given proper notice of the policy as to the events that would trigger charge-backs. Blank argues that she pleaded sufficient details of Tomorrow Telecom's imposition of impermissible fines because she explained how certain events would lead to arbitrary charge-backs intended to penalize employees.

The allegations of Blanks complaint are sufficient to state a claim under § 23:635 because she stated that Tomorrow Telecom would arbitrarily penalize employees for certain events which were illegal fines. Blank also alleged a claim for unjust enrichment based on the purported fines because she claims that charge-backs were unjustified and enriched the defendants while impoverishing the plaintiffs by diminishing their wages. The allegations place the defendants on

notice of Blank's claims. Thus, Tomorrow Telecom's motion to dismiss Blank's claims against Tomorrow Telecom under § 23:635 and for unjust enrichment is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Tomorrow Telcom, Inc.'s Motion to Dismiss (Doc. #49) is **DENIED**.

New Orleans, Louisiana, this 28th day of September, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**