UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYNDSAY BLANK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-11092** |
| **TOMORROW PCS, LLC AND JONG PARK** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Proceed as a Collective Action and for Judicial Notice to Potential Opt-In Plaintiffs (Doc. #119) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Modify the United States Magistrate Judge's April 20, 2018, Order Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure (Doc. #117) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Declarations (Doc. #135) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Continue Trial and Discovery Deadline (Doc. #120) is **DENIED**.

## BACKGROUND

This matter is before the court on plaintiffs' motion to proceed as a collective action and for judicial notice to potential opt-in plaintiffs, in which plaintiffs seek to expand the class that was conditionally certified. It is also before the court on defendants' motion to strike declarations that plaintiffs offered in support of their motion to expand the class, and plaintiffs' motion to continue the discovery deadlines and trial in this matter, which plaintiffs argue is necessary if the class is expanded. Further, it is before the court on plaintiffs' motion to modify the United States Magistrate Judge's April 20, 2018, Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

Plaintiffs argue that the Magistrate Judge erred in restricting discovery to defendants' locations in Texas and Louisiana.

In March 2015, defendant, Tomorrow PCS, LLC ("TPCS"), hired plaintiff, Lyndsay Blank, to work as a customer service representative selling cellular telephones and service plans at various TPCS stores in Jefferson Parish, Louisiana. TPCS was formed under Louisiana law, and has an Exclusive Master Dealer Contract with MetroPCS Michigan, LLC to sell MetroPCS products exclusively in Louisiana. Plaintiffs allege that they were paid $8.50 per hour, even for overtime hours in excess of 40 hours per week.

On June 21, 2016, plaintiffs filed this action alleging that TPCS[1] violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 207(a), by failing to pay her and other similarly situated employees one-and-one-half times of their regular rate for hours worked in excess of 40 hours per week. Plaintiffs' complaint stated that she sought to proceed as a collective action under section 216(b) the FLSA. On April 19, 2017, this court granted plaintiffs' motion for conditional class certification of an opt-in class consisting of:

> All individuals who worked or are working for Tomorrow PCS, LLC as Sales Associates during the previous three years and who are eligible for overtime pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and who did not receive full overtime compensation.

On May 9, 2017, plaintiffs filed an opposed motion for leave to file an amended complaint seeking to add Tomorrow Telecom Incorporated as a defendant, remove Park as a defendant, add

---

[1] Plaintiffs also named Jong Park, a member of TPCS, as a defendant. Plaintiffs claims against Park were dismissed on Park's unopposed motion for summary judgment.

allegations of money being unlawfully deducted from the class members' paychecks in violation of state law, and add class allegations regarding the alleged state law violations pursuant to Rule 23 of the Federal Rules of Civil Procedure. The United States Magistrate Judge granted plaintiffs' motion for leave in the interest of judicial economy based on plaintiffs' representation that they would file a separate suit against Tomorrow Telecom if the motion for leave were denied.

In the amended complaint, plaintiffs allege that Tomorrow Telecom has a master dealer contract with MetroPCS that permits Tomorrow Telecom to use sub-dealers to sell MetroPCS products in various states. Plaintiffs allege that Tomorrow Telecom sells MetroPCS products in Texas and TPCS is a sub-dealer of Tomorrow Telecom that sells MetroPCS products in Louisiana. Plaintiffs allege that Tomorrow Telecom's other sub-dealers include: "Tomorrow Mobile," which operates in Missouri and Kansas, and "Tomorrow Comm," which operates in Tennessee and Kentucky. Plaintiffs allege that Tomorrow Telecom and its sub-dealers have common ownership and use the same computer software, and that Tomorrow Telecom exercises managerial control over, and issues the pay for, the sub-dealers' service representatives. Plaintiffs allege that as a result of Tomorrow Telecom's control over its sub-dealers, all service representatives at all of Tomorrow Telecom's sub-dealers in various states were subject to the same policies, which violated the FLSA, in that the service representatives were not paid overtime wages due and at times worked for less than the minimum wage.

In the amended complaint, plaintiffs also seek to represent two classes pursuant to Rule 23 of the Federal Rules of Civil Procedure: (1) "The Louisiana Chargeback Class," which consists of "[s]ince May 10, 2007[,] and continuing until the present, all current and former Louisiana Service Reps who had any amount of their wages deducted in the form of a chargeback[,]" in violation of

3

Louisiana Revised Statutes § 23:635[2]; and (2) "The Chargeback Class," which consists of "[s]ince May 10, 2007[,] and continuing until the present, all current and former Service Reps who had any amount of their wages deducted in the form of a chargeback[,]" in violation of the unjust enrichment laws of Texas, Missouri, Kansas, Kentucky, Tennessee and Louisiana.

On May 15, 2018, plaintiffs filed the instant motion to proceed as a collective action and for judicial notice to potential opt-in plaintiffs, seeking to expand the FLSA class to one consisting of:

> All sales associates who worked or are working for Tomorrow Telecom Incorporated, either directly or indirectly through any Sub-Dealers, during the previous three years and who are eligible for overtime pay pursuant to FLSA, 29 U.S.C. § 207 and who did not receive full overtime pay.

Plaintiffs argue that certification is appropriate because Tomorrow Telecom exercises managerial control over the sub-dealers and sets the hours and wages for the sales associate employees. Defendants argue that certification is not warranted as there is no proof that the putative class members were victims of a single decision, policy or plan because each of Tomorrow Telecom's alleged sub-dealers is actually an independent company that implements its own policies. Defendants contend that plaintiffs' motion is supported by the self-serving declarations of opt-in plaintiffs Nelly Garcia and Oliska Gray, which defendants have moved to strike.

---

[2] La. Rev. Stat. § 23:635 provides:

> No person, acting either for himself or as agent or otherwise, shall assess any fines against his employees or deduct any sum as fines from their wages. This Section shall not apply in cases where the employees wilfully or negligently damage goods or works, or in cases where the employees wilfully or negligently damage or break the property of the employer, or in cases where the employee is convicted or has pled guilty to the crime of theft of employer funds, but in such cases the fines shall not exceed the actual damage done.

Plaintiffs argue that a continuance of the pre-trial deadlines and the trial date will be necessary if her motion to expand the class is granted because counsel will need time to notify the potential opt-in class members.  Defendants argue that a continuance is not necessary and is prejudicial because the motion to certify the class should be denied and this case has been pending for more than two years.

Several discovery disputes have arisen in this case. On February 27, 2018, in ruling on plaintiffs' motion to compel discovery responses, the Magistrate Judge limited the search terms for the search of defendants' employees' emails to eliminate "all locational words other than those associated with Louisiana and Texas."

On April 20, 2018, the Magistrate Judge ruled on the defendants' motions for protective orders.  Defendants sought protective orders related to certain issues and topics designated by plaintiffs in the Notice of Deposition propounded in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Notice"). The Notice defined "Tomorrow Personnel" as "all workers earning an hourly wage, including but not limited to sales representatives, at the Metro PCS locations listed in Attachment A."  Attachment A listed 154 locations in 8 states, namely, Louisiana, Texas, Missouri, Kansas, North Carolina, New Mexico, Tennessee, and Kentucky.  Sixty-six of the locations are outside of Louisiana and Texas.  The Notice included the following areas of inquiry that pertained to "Tomorrow Personnel" or stores located outside of Louisiana and Texas:

1. The existence, location, maintenance, and generation of all documents relative to chargebacks assessed against Tomorrow Personnel.

2. The existence, location, maintenance, and generation of all documents relative to the hours worked by Tomorrow Personnel during the last three years.

3. The existence, location, maintenance, and generation of all documents relative to Tomorrow Personnel payroll during the last three years.

4. The existence, location, maintenance, and generation of all documents related to Tomorrow Personnel, including job applications, tax forms, employee evaluations, company policies, and employee handbooks during the last three years.

\* \* \*

7. The existence, location, maintenance, and generation of all documents or data relative to the hours worked by Tomorrow Personnel during the last three years, and the meaning and substance of any such documents.

\* \* \*

10. The existence, location, maintenance, and generation of all documents relative to your relationship with Tomorrow PCS LLC, After Wireless LLC, Tomorrow Comm LLC, Tomorrow East LLC, Tomorrow Mobile LLC, Tomorrow West LLC, Tomorrow Wireless LLC, and Today Wireless LLC during the last three years.

\* \* \*

12. How your relationships to Tomorrow PCS LLC, After Wireless LLC, Tomorrow Comm LLC, Tomorrow East LLC, Tomorrow Mobile LLC, Tomorrow West LLC, Tomorrow Wireless LLC, and Today Wireless LLC were formed, any documents that exist that memorialize or define those relationships, and the respective rights and responsibilities of you and those entities in those relationships.

\* \* \*

16. How chargebacks, commissions, bonuses, and incentive-based payments are calculated and made to Tomorrow Personnel.

\* \* \*

20. The identities of the entities that operate the store locations shown in the attached Attachment A, including your relationships to those entities, how those relationships were formed, any documents that exist that memorialize or define those relationships, and the respective rights and responsibilities of you and those entities in those relationships.

The Magistrate Judge explained the law applicable to pre-class certification discovery and stated that, at this stage, plaintiffs are entitled to discovery related to numerosity, commonality, adequacy and typicality.  Thus, the court will not allow at this time merits-based discovery, which can be completed after the class certification stage.  To that end, the Magistrate Judge held that plaintiffs are not entitled to seek individual discovery on over 154 stores in eight states over and undefined time period, and that the court's limitation on discovery to Louisiana and Texas remains in force.

Plaintiffs seek an order modifying the Magistrate Judge's April 20, 2018, Order to remove the Louisiana and Texas limitation.  Plaintiffs argue that they need to conduct discovery into all of defendants' allegedly related entities in all of the various states because plaintiffs argue that all of the sub-dealers are being run by Tomorrow Telecom and their employees are all subject to the same "incentive systems and chargeback policies [that] go to the essence of Plaintiffs' attempts to expand the FLSA class."

Defendants argue that the Magistrate Judge properly limited the discovery to entities operating in Louisiana and Texas because those are the states in which the two defendants operate.  Defendants contend that most of the 154 stores listed on Attachment A are not operated by the defendants.  Further, there are only three opt-in class members, who all testified that they worked only in Louisiana, and there is no evidence that any entity other than TPCS or Tomorrow Telecom employed any of the opt-in plaintiffs.

## ANALYSIS

### I.   Plaintiffs' Motion to Proceed as a Collective Action and for Judicial Notice to Potential Opt-In Plaintiffs (Doc. #119)

Plaintiffs filed a motion to proceed as a collective action and for judicial notice to potential opt-in plaintiffs, seeking to expand the FLSA class to one consisting of Tomorrow Telecom sales associates who worked for Tomorrow Telecom directly or indirectly through one of the purported sub-dealers and who were not properly paid for overtime hours.

The FLSA provides that an employer must pay its covered employees at least one and one-half times the employee's regular rate of pay for hours worked in excess of 40 hours in a workweek. 29 U.S.C. § 207(a)(1). Section 216(b) of the FLSA permits employees to bring suit against an employer for a FLSA violation as a collective action on behalf of themselves and "other employees similarly situated." Id. at § 216(b). Unlike a class action under Rule 23, a collective action under section 216(b) binds only those employees who affirmatively "opt-in" to the suit. Id. District courts have discretion to facilitate providing notice to similarly situated potential plaintiffs in "appropriate cases." Hoffman–LaRoche Inc. v. Sperling, 110 S.Ct. 482, 486 (1989).

Courts have taken two different approaches to resolve the issue of whether plaintiffs are similarly situated to a proposed class: the spurious class action approach, which originated in Shushan v. University of Colo., 132 F.R.D. 263 (D.Colo. 1990); and the "two-step" approach, as in Lusardi v. Xerox Corp., 122 F.R.D. 463 (D.N.J. 1988). Although the United States Court of Appeals for the Fifth Circuit has explicitly declined to adopt either test, district courts in this circuit have adopted the "two-step" approach, and the court will follow that method. See Guidry v. Target Corp., 2009 WL 1604591 (E.D. La. 2009); Xavier v. Belfor USA Group, Inc., 585 F.Supp.2d 873, 876

(E.D. La. 2008); Basco v. Wal–Mart Stores, Inc., 2004 WL 1497709, at *4 (E.D. La. 2004) (two-step approach "is the preferred method for making the similarly situated analysis.").

The United States Court of Appeals for the Fifth Circuit has explained the two-step test as follows:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to the potential members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely completed and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination of the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e., the original plaintiffs—proceed to trial on their individual claims.

Mooney v. Aramco, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by* Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004).

At the notice stage, "'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan[.]'" Id. at 1214 n. 8 (quoting Sperling v. Hoffman–LaRoche, Inc., 118 F.R.D. 392, 407 (D.N.J. 1988)). A factual basis is needed to satisfy this first step. See Hall v. Burk, 2002 WL 413901, at *3 (N.D. Tex.

2002). Courts require "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." Barron v. Henry Co. Sch. Sys., 242 F.Supp.2d 1096, 1103 (M.D. Ala. 2003); see also Simmons v. T–Mobile USA, Inc., 2007 WL 210008 (S.D. Tex. 2007) (plaintiff must allege common policy or plan, and make factual showing sufficient to demonstrate that potential plaintiffs together were victims of common policy or plan that violated law). "[A] court can foreclose a plaintiff's right to proceed collectively only if 'the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice.'" Xavier v. Belfor USA Grp. Inc., 585 F.Supp.2d 873, 878 (E.D. La. 2008) (quoting Crain v. Helmerich and Payne Int'l Drilling Co., 1992 WL 91946, at *5 (E.D. La. 4/16/1992)).

Courts which have faced the question whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted. Lima v. Int'l Catastorphe Solutions, Inc., 493 F.Supp.2d 793, 798 (E.D. La. 2007) (citing Badgett v. Tex. Taco Cabana, L.P., 2006 WL 2934265, at *2 (S.D. Tex. 2006)). "A plaintiff need only demonstrate a reasonable basis for the allegation that a class of similarly situated persons may exist." Lima, 493 F.Supp.2d at 798. However, the standard for conditional certification is not automatic. Rodriguez v. Alsalam, Inc., 2017 WL 699820, at *3 (E.D. La. 2/22/2017).

Step two typically occurs after discovery has occurred. At step two, the court considers: "(1) the extent to which the employment settings of employees are similar or disparate; (2) the extent to which any defenses that an employer might have to overtime or misclassification claims are common or individuated; and (3) general fairness and procedural considerations." Johnson v. Big Lots Stores, Inc., 561 F.Supp.2d 567, 573 (E.D. La. 2008).

In support of her motion, plaintiffs filed declarations of Gary and Garcia and various emails that purportedly show Tomorrow Telecom personnel providing direction and instructions to employees at TPCS. Garcia states that Tomorrow Telecom would send "roving general managers" when it opened stores in new locations and that TPCS sent her to Nashville to work as a store manager and train employees there, but she eventually moved back to New Orleans. She also states that she knows from conversations with others that "other stores are subject to the same overtime policies as TPCS," and that the employees in Nashville were not paid overtime. Without explaining how she knows, she states that Jeff Baik at Tomorrow Telecom monitored her "sales, hours and chargebacks."

Gary's declaration contains many of the same statements as Garcia's, such as the comments regarding "roving general managers." Gary provides additional information that she would have daily phone conversations with Baik when she was TPCS's Finance Manager during which Baik instructed Gary "on how to process payroll and implement Telecom's chargeback, incentive, and payroll policies on TPCS employees." Gary states that Tomorrow Telecom had a policy of not properly paying overtime.

Plaintiffs also provide TPSC's employee handbook and insinuates that it must have been developed by Tomorrow Telecom and be used by all of the alleged sub-dealers because it refers to Texas. Additionally, plaintiffs attached LinkedIn profiles for Hoon Choi, Tomorrow Telecom's Vice President of Sales and Training, that refers to 400 employees; and for Baik, Tomorrow Telecom's Chief Financial Officer, that refers to 450 employees. Further, plaintiffs attached internet printouts from various Secretary of State's offices for various MetroPCS companies that list Park as a member or and/or include Tomorrow Telecom's address. Plaintiffs argue that all of this taken together this

11

must mean that all of the alleged sub-dealers are controlled by Tomorrow Telecom, so that all of the sales associates at all 154 stores were subjected to the same policies and procedures affecting their pay.

The information provided by plaintiffs is insufficient to demonstrate that the sales associates at all of 154 stores that were operated by either Tomorrow Telecom or its alleged sub-dealers were similarly situated in terms of the payment of overtime wages.[3] In his affidavit, Michael Lim, Tomorrow Telecom's Vice President from 2010 to 2018, states that Tomorrow Telecom does not have any retail locations and contracts with other entities to provide such services. Tomorrow Telecom has some common ownership with TPCS, but does not control TPCS or its employees. Lim also states that he facilitated the sharing of ideas among entities in which Park has an ownership interest, but had no control over whether the local general managers implemented such policies. Lim states that he did not direct the activities of anyone at TPCS, nor did he "have any ability to hire or fire anyone on behalf of any other company besides Tomorrow Telecom; nor [did he] set the compensation and benefits of the employees of TPCS."

Lim's affidavit is evidence that the sales associates at the all of the alleged 154 sub-dealers were not similarly situated in terms of employment conditions. Lim's affidavit states that Tomorrow Telecom could not hire and fire the sales associates that the alleged sub-dealers and that it did not control their hours work schedules or conditions of employment, which were all determined by the local general mangers. Although there is evidence that Tomorrow Telecom through Baik may have determined the rate of payment and maintained some employment records, it is insufficient to prove

---

[3] The court has considered the information provided in Garcia's and Gary's declarations, and finds it to be insufficient. Therefore, there is no need to strike the declarations and defendants' motion to strike (Doc. #135) is DENIED.

that Tomorrow Telecom had control over the alleged sub-dealers to the extent that all of the sales associates at all of the 154 alleged sub-dealers in various states were similarly situated. Instead, the sales associates at each location were impacted by the decisions of the local general managers employed by each individual entity that operated the individual store in which the sales associates worked. There is no evidence that each of the 154 individual locations had the exact same relationship with Tomorrow Telecom and that their managers all made the exact same decisions so that the sales associates employed by these locations were similarly situated in terms of overtime pay.

Further, plaintiffs have not submitted any evidence that there is a potential class of opt-in plaintiff that are similarly situation because she has not identified any potential plaintiff that worked at an alleged sub-dealer outside of Louisiana, has not submitted even one affidavit of a potential plaintiff and has not put forth evidence of a widespread discriminatory plan. At most, plaintiffs offer unsubstantiated allegations that there was a plan at Tomorrow Telecom to not pay overtime properly. Moreover, the deposition testimony of opt-in plaintiff Saterica M. Johnson undercuts the theory that all of the sales associates at the 154 alleged sub-dealer locations were similarly situated because she testified that "[e]verybody didn't work at the same stores, nor did everybody work together, and everybody had different experiences[,]" and that incentives for selling certain plans were not offered at her location, whereas they were offered at other locations. Similarly, Gary testified that TPCS was a small company and that she was did not know why she thought she was not properly paid overtime.

Denying FLSA class certification for the proposed broader class is also warranted under step two of the Lusardi analysis. As previously discussed, the employment settings of the sales

13

associates at the 154 locations would be different because they were subjected to the decisions of different managers. Also, defendants in this action have individualized defenses as to each potential plaintiff's claims. Indeed, defendants have performed an analysis of the compensation tendered to each of the three opt-in plaintiffs and contend that those opt-in plaintiffs were actually overpaid.

Finally, general fairness and procedural considerations weigh against certification. After the original class was certified and notice provided to potential plaintiffs, there are currently only three opt-in plaintiffs. Plaintiffs are attempting to conflate this action to include sales associates in multiple states that were not employed by TPCS, her direct employer, without identifying any potential class members outside of Louisiana. If the sales associates in those other states were not properly paid overtime, they can bring a FLSA action against their direct employers in those other states. Therefore, plaintiffs' motion to proceed as a collective action and for judicial notice to potential opt-in plaintiffs is DENIED.

## II. Plaintiffs' Motion to Modify the United States Magistrate Judge's April 20, 2018, Order Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure (Doc. #117)

Plaintiffs argue that the Magistrate Judge erred in confining discovery to actions in Louisiana and Texas because their complaint alleges that Tomorrow Telecom acted in other states in a similar manner.

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a district judge reviews a magistrate judge's orders on nondispositive pretrial matters on a clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a). This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 68 S.Ct. 525, 542 (1948).

After reviewing the United States Magistrate Judge's Order, plaintiffs' motion to modify it, and defendants' opposition to plaintiffs' motion, the court finds that the Magistrate Judge's ruling was correct. In the amended complaint, plaintiffs seek to expand the class to include Tomorrow Telecom "Service Reps." Plaintiffs allege that the "Service Reps.", who worked at the 154 entitles listed in Attachment A, were effectively employed by Tomorrow Telecom regardless of which entity was their nominal employer because of the control that Tomorrow Telecom allegedly asserted over each of those entities. This court has denied plaintiffs' motion to expand the FLSA class to include sales associates that worked at locations outside of Louisiana and Texas. Therefore, discovery related to entities outside of those two states is irrelevant, and the plaintiff's motion to modify the United States Magistrate Judge's Order and for a protective order is DENIED.

### III.     Plaintiffs' Motion to Continue (Doc. #120)

Plaintiffs argue that continuing the pretrial deadlines and trial is necessary if this court grants the motion to expand the FLSA class and the motion to expand discovery to locations outside of Louisiana and Texas. Because both of those motions were denied, a continuance is unwarranted and plaintiffs' motion to continue is DENIED.

### CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Proceed as a Collective Action and for Judicial Notice to Potential Opt-In Plaintiffs (Doc. #119) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Modify the United States Magistrate Judge's April 20, 2018, Order Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure (Doc. #117) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Declarations (Doc. #135) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Continue Trial and Discovery Deadline (Doc. #120) is **DENIED**.

New Orleans, Louisiana, this  19th  day of June, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**